UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YUNIASIH THE,

                         Plaintiff,

                v.

HOGSALT

                        Defendant.

-----------------------------------------------------------------X

Case No. 1: 25-cv-6755


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY ACTION AND COMPEL ARBITRATION**


**Gordon Rees Scully Mansukhani, LLP**
*Attorneys for Defendant*
HOGSALT

1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

      A.     Plaintiff's Assent to Arbitration Agreement ................................................ 2

      B.     The Terms of the Arbitration Agreement .................................................... 5

ARGUMENT ............................................................................................................... 6

     I.     THIS COURT SHOULD COMPEL THE ARBITRATION OF PLAINTIFF'S CLAIMS ........................................................................................................... 7

      A.     The Federal Arbitration Act Governs the Arbitration Agreement ............. 7

           1.     The Parties Agreed to Arbitrate ..................................................... 7

           2.     Plaintiff's Claims under Section 1981, the NYSHRL, and the NYCHRL Fall Squarely Within the Scope of Claims Subject to Arbitration in the Arbitration Agreement ..................................... 11

      B.     The Arbitration Agreement is Not Unconscionable ................................. 13

     II.    This Action Should Be Stayed Pending Arbitration ............................................ 15

CONCLUSION ........................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Fam. Life Assur. Co. of N.Y. v. Baker*,
   778 F. App'x 24 (2d Cir. 2019) ...............................................................13

*Arciniaga v. Gen. Motors Corp.*,
   460 F.3d 231 (2d Cir. 2006).....................................................................7

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011).................................................................................6

*Bazak Int'l Corp. v. Tarrant Apparel Grp.*,
   491 F. Supp. 2d 403 (S.D.N.Y. 2007)......................................................7

*Begonja v. Vornado Realty Tr.*,
   159 F. Supp. 3d 402 (S.D.N.Y. 2016)......................................................7

*Bensadoun v. Jobe-Riat*,
   316 F.3d 171 (2d Cir. 2003).....................................................................7

*Bristol v. Securitas Security Services USA, Inc.*,
   597 F. Supp. 3d 574 (S.D.N.Y. 2022)......................................................7

*Chen-Oster v. Goldman, Sachs & Co.*,
   449 F. Supp. 3d 216 (S.D.N.Y. 2020)....................................................11

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001).................................................................................6

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995)......................................................................11

*Cypress v. Cintas Corp. No. 2*,
   No. 16-cv-2478 (ADS)(ARL), 2017 WL 564492 (E.D.N.Y. Feb. 11, 2017)...........................7

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
   352 F.3d 775 (2d Cir.2003).....................................................................13

*Desiderio v. Nat'l Assoc. of Secs. Deales, Inc.*,
   191 F.3d 198 (2d Cir. 1999)...................................................................10

*Duraku v. Tishman Speyer Properties, Inc.*,
   714 F.Supp.2d 470 (S.D.N.Y. 2010).......................................................12

*Edwards v. CVS Health Corporation*,
    714 F.Supp.3d 239 (S.D.N.Y. 2024)........................................................................12

*Gilbert v. Indeed, Inc.*,
    513 F. Supp. 3d 374 (S.D.N.Y. 2021).....................................................................15

*Gillman v. Chase Manhattan Bank, N.A.*,
    73 N.Y.2d 1 (1988) .................................................................................................13

*Gonzalez v. Toscorp Inc.*,
    No. 97-cv-8158 (LAP), 1999 WL 595632 (S.D.N.Y. Aug. 5, 1999) .......................9

*Isaacs v. OCE Bus. Servs., Inc.*,
    968 F. Supp. 2d 564 (S.D.N.Y. 2013)................................................................13, 15

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
    387 F.3d 163 (2d Cir. 2004)......................................................................................7

*Maffea v. Ippolito*,
    247 A.D.2d 366 (2d Dep't 1998) ..............................................................................7

*Manigault v. Macy's E., LLC*,
    318 F. App'x 6 (2d Cir. 2009) .................................................................................11

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)......................................................................................7

*Palmer v. Starbucks Corp.*,
    735 F.Supp.3d 407 (S.D.N.Y. 2024)......................................................................9, 10

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*,
    369 F.3d 645 (2d Cir. 2004).....................................................................................11

*Patterson v. Raymours Furniture Co., Inc.*,
    96 F. Supp. 3d 71 (S.D.N.Y. Mar. 27, 2015)..........................................................10

*Pelligrino v. Morgan Stanley Smith Barney LLC*,
    2018 WL 2452768 (S.D.N.Y. May 31, 2018) .........................................................11

*Ragone v. Atlantic Video at Manhattan Center*,
    595 F.3d 115 (2d Cir. 2010).....................................................................................13

*Register.com, Inc. v. Verio, Inc.*,
    356 F.3d 393 (2d Cir. 2004)......................................................................................7

*Schnabel v. Trilegiant Corp.*,
    697 F.3d 110 (2d Cir. 2012)......................................................................................7

*Sinavsky v. NBCUniversal Media, LLC*,
    2021 WL 4151013 (S.D.N.Y. 2021) (granting motion to compel arbitration of
    Section 1981, NYSHRL, and NYCHRL claims)........................................................12

*Smith v. Spizzirri*,
    601 U.S. 472 (2024).............................................................................................15

*Stewart v. Paul, Hasting, Janofsky & Walker, LLP*,
    201 F.Supp.2d 291 (S.D.N.Y. 2002)....................................................................14

*Suqin Zhu v. Hakkasan NYC LLC*,
    291 F.Supp.3d 378 (S.D.N.Y. 2017)....................................................................14

*Thomas v. Pub. Storage, Inc.*,
    957 F. Supp. 2d 496 (S.D.N.Y. 2013)....................................................................9

*Tillman v. Amblnz Servs.*,
    No. 22-cv-6854 (JLR) (SN), 2023 WL 3304617 (S.D.N.Y. Mar. 15, 2023),
    *report and recommendation adopted*, 2023 WL 2770579 (S.D.N.Y. Apr. 4,
    2023) ....................................................................................................................12

*Weiss v. Am. Express Nat'l Bank*,
    No. 19-cv-4720 (JPO), 2020 WL 6807628 (S.D.N.Y. Nov. 18, 2020) ..................10

**Statutes**

9 U.S.C. § 1 ..................................................................................................................6

9 U.S.C. § 3 ..................................................................................................1, 2, 13, 15

9 U.S.C. § 4 ..................................................................................................1, 2, 13, 15

42 U.S.C. § 1981 ...................................................................................................*passim*

Defendant Hogsalt ("Defendant") submits this Memorandum of Law in support of their motion for an Order pursuant to 9 U.S.C. §§ 3 and 4, staying this litigation and compelling plaintiff Yuniasih The ("Plaintiff") to arbitrate the claims asserted in her Complaint.

## PRELIMINARY STATEMENT

This Court should respectfully stay this action and compel arbitration in accordance with the terms of the parties' unquestionably enforceable arbitration agreement. When Plaintiff accepted employment with Defendant, she also agreed to resolve any and all of her employment disputes through binding arbitration. On January 24, 2023, as part of Plaintiff's new hire onboarding process, Plaintiff was electronically presented with several of Defendant's company policies, including its Mutual Arbitration Agreement ("Arbitration Agreement"). It is uncontroverted that Plaintiff electronically acknowledged receipt of, and agreement to, employment-related policies, including the Arbitration Agreement, through the online digital onboarding system of Paylocity, Defendant's third-party human resource services provider. The acknowledgment reflected Plaintiff's electronic signature along with date, time, and IP address at the time of her hire with Defendant. Plaintiff thereafter commenced employment with Defendant and continued working for Defendant for more than two years, which undoubtedly manifests Plaintiff's assent to arbitration.

Not only did Plaintiff clearly and unequivocally agree to submit her employment related disputes to arbitration, but the Arbitration Agreement is sufficiently broad and comprehensive to cover the parties' wage and hour disputes under 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). It requires arbitration of *any claim* that in any way relates to or arises from the parties' employment relationship, and expressly applies to claims related to an employee's compensation with

- 1 -

Defendant brought under any federal, state, or local statute, law, ordinance, regulation or order, including claims related to an employee's wages, tips, bonuses, overtime pay, and improper deductions. It also includes a class action waiver. Courts routinely compel arbitration of Section 1981, NYSHRL, and NYCHRL claims with a class action waiver.

Despite unquestionably acknowledging receipt of the Arbitration Agreement and assenting to its terms, Plaintiff now brings this action asserting discrimination and retaliation claims under Section 1981, the NYSHRL, and the NYCHRL. Those claims concern compensation issues relating to her employment with Defendant brought under federal and state law. The claims thus fall squarely within the scope of the Arbitration Agreement.

Accordingly, Defendant respectfully requests that this Court enforce the arbitration agreement, stay these proceedings, and compel arbitration pursuant to 9 U.S.C. §§ 3 and 4.

## STATEMENT OF FACTS

### A.    Plaintiff's Assent to Arbitration Agreement

Defendant owns and operates Monkey Bar (the "Restaurant" or "Monkey Bar") located at 60 East 54th Street, New York, New York 10022. Plaintiff worked at Monkey Bar as a server from January 2023 through July 2025. *See* Compl. ¶¶ 3, 5.

In January of 2023, Paylocity Corp. ("Paylocity") provided Human Resources ("HR") technology support and services to Defendant, which included responsibility for onboarding Defendant's employees. *See* Declaration of Susie Winterson ("Winterson Decl.")[1] at ¶4. Upon hire, and prior to beginning employment with Hogsalt, each new employee must go through the onboarding process, electronically, by accessing a secure portal administered by a third-party

---

[1] The Winterson Declaration reflect the caption and case number, 1:25-cv-6754, of a related action brought by Plaintiff against Defendant for, *inter alia*, wage and hour allegations. A motion to compel arbitration was also made in that matter, and the Winterson Declaration is meant to support both motions, which involve interpretation of the same Arbitration Agreement between the same Parties.

human resources provider. Each employee receives unique login credentials for the third-party portal, which they must use to receive, access and complete Hogsalt's onboarding documentation. In 2023, that secure portal was administered by Paylocity. Winterson Decl. at ¶ 5. To facilitate the onboarding process, Defendant provided Paylocity, electronically, with an onboarding document entitled "HOG_Policies_2022_NYC", which contained several of Defendant's company policies for Paylocity to distribute to new employees of Defendant through Paylocity's digital onboarding platform. *See* Winterson Decl. at ¶6; Declaration of Grace Thoeny ("Thoeny Decl.")[2] at ¶2. Included within the "HOG_Policies_2022_NYC" was the Mutual Arbitration Agreement ("Arbitration Agreement"). *See* Exhibit Thoeny Decl. at ¶5; Exhibit A to Thoeny Decl.  Each new employee is required to open, review, and electronically acknowledge that the employee reviewed and acknowledged receipt of the policies or agreements before progressing to the next step. An employee's acknowledgement of receipt of the policies or agreements is automatically timestamped and recorded, creating an audit trail linking each acknowledgment and signature to the specific employee's login, IP address, and completion date. *See* Winterson Decl. at ¶ 7.

On January 23, 2023, Defendant provided Plaintiff with unique login credentials to access the electronic onboarding platform administered by Paylocity. Defendant advised Plaintiff, in writing, that she was required to use her login credentials to access and complete onboarding tasks through Paylocity, including reviewing and acknowledging receipt of the Arbitration Agreement, before she would be permitted to commence employment with Defendant. *See* Winterson Decl. at ¶¶ 8-9; Exhibit A to Winterson Decl.

On or about January 24, 2023, Plaintiff was provided, through Paylocity's digital

---

[2] The Thoeny Declaration reflects the caption and case number, 1:25-cv-6754, of a related action brought by Plaintiff against Defendant for, *inter alia*, wage and hour allegations. A motion to compel arbitration was also made in that matter, and the Thoeny Declaration is meant to support both motions, which involve interpretation of the same Arbitration Agreement between the same Parties.

onboarding platform, with a copy of the onboarding document entitled "HOG_Policies_2022_NYC," inclusive of the Arbitration Agreement, as part of Plaintiff's onboarding for employment with Defendant. *See* Winterson Decl. at ¶¶ 10-11; *See also* Exhibit A to the Thoeny Decl.

Using the unique login credentials provided to her, Plaintiff accessed the Paylocity System and digitally signed an acknowledgement of receipt of the onboarding document entitled "HOG_Policies_2022_NYC", which included the Arbitration Agreement. *See* Thoeny Decl. at ¶ 4-5; *See* Winterson Decl. at ¶ 12; *See also* Exhibit A to the Thoeny Decl and Exhibit B to Winterson Decl.

The Arbitration Agreement is clearly defined with an underlined heading that reads "Mutual Arbitration Agreement." *See* Exhibit A to Thoeny Decl. The Arbitration Agreement further contains underlined subheadings to organize its terms, including "Claims Subject to Arbitration" and "Exclusions," and appears twice with the onboarding document entitled "HOG_Policies_2022_NYC." *See id*. at pp. 16-18, 47-49. Plaintiff acknowledged receipt of the Arbitration Agreement via an IP address of 172.58.229.136 and acknowledged receipt at 10:30:35 AM CST. *See*, Exhibit A to the Thoeny Decl. Plaintiff's use of her assigned username and password through Paylocity's online digital onboarding platform generated a unique signature on Ms. The's acknowledgement form, together with its associated metadata, through which she executed the document to complete the onboarding process for Hogsalt. *See* Winterson Decl. at ¶ 13. The acknowledgement form includes an itemized list of the stand-alone agreements or policies Plaintiff was presented prior to electronically executing the form. The Arbitration Agreement is explicitly identified as one of those stand-alone agreements. *See*, Exhibit A to the

Thoeny Decl.

Plaintiff also informed Hogsalt, in writing, that she completed the requisite onboarding tasks. *See* Winterson Decl. ¶ 15; Exhibit A to Winterson Decl.  Since Plaintiff acknowledged receipt of the onboarding documents, which included the Arbitration Agreement, and completed all onboarding tasks via Paylocity, she was permitted to commence employment with Defendant. *See* Winterson Decl. ¶ 16.

      **B.**      **The Terms of the Arbitration Agreement**

Pursuant to § 1 of the Arbitration Agreement, "[i]n consideration for Employee's employment by the Company and continued employment, Employee's receipt of compensation and other benefits from the Company, and the Company's agreement herein to arbitrate, Employee agrees to participate in, and be bound by, the procedures set forth in this Agreement." *See* Exhibit B to Winterson Decl., at § 1. Participation in mandatory arbitration was a condition of Plaintiff's hire and continued employment by Defendant. *Id.*

The Arbitration Agreement applies broadly to any and all employment-related disputes between Plaintiff and Defendant, with limited exclusions. *See* Exhibit B to Winterson Decl., at § 2 and 3. Claims subject to arbitration include "any legal or equitable claim, demand, or dispute between Employee (Plaintiff)…and the Company (Defendant)…which in any way relates to or arises from claims for discrimination, retaliation, harassment, or denial of equal employment opportunity. *See* Exhibit B to Winterson Decl., at § 2 (emphasis added).

The Arbitration Agreement expressly provides that it is governed by the Federal Arbitration Act. *See* Exhibit B to Winterson Decl., at § 4.  The arbitration is to be conducted by the American Arbitration Association. *See* Exhibit B to Winterson Decl., at § 5. The arbitration shall be conducted in the state where the Employee (Plaintiff) works. *Id.* There is a clause governing the cost of arbitration as to be allocated amongst the parties as required by law. *Id.* There

is a clause providing that attorneys' fees must be apportioned according to applicable law that permits awards of attorneys' fees.

There is also an explicit and clear **class and collective action waiver** in the Arbitration Agreement. *See* Exhibit B to Winterson Decl., at § 6. It provides that "Employee and the Company shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. Therefore, Employee and the Company expressly intend and agree that class action, collective action, or private attorney general action, and representative action procedures shall not be asserted, nor will they apply, in any arbitration" *Id.* The Arbitration Agreement also "prohibits" either party "from filing, joining, opting into, becoming a class member in, or recovering through a class action, collective action, representative action or similar court proceeding." *Id.*

The Agreement also includes a conspicuous litigation waiver and waiver of the right to sue which states, "Employee and the Company expressly waive any right to resolve any dispute covered by this Agreement by filing suit in court for trial by a judge or jury." *See* Exhibit B to Winterson Decl. § 8. Each party is also afforded the right to consult with an attorney before entering into the Agreement.

Despite acknowledging her receipt of the Arbitration Agreement at the time of her hire, and continuing to work for more than two years, Plaintiff filed this action asserting discrimination and retaliation under Section 1981, the NYSHRL, and the NYCHRL. *See* Compl. ¶¶ 60-104, Prayer for Relief. These allegations fall squarely within the Agreement's coverage under Section 2, which expressly encompasses "claims relating to Employee's wages, tips, bonuses, overtime pay, ...[and] improper deductions..." *See* Exhibit B to Winterson Decl., at § 2.

## ARGUMENT

I.    **THIS COURT SHOULD COMPEL THE ARBITRATION OF PLAINTIFF'S CLAIMS**

A.    **The Federal Arbitration Act Governs the Arbitration Agreement**

Arbitration clauses in the employment context are governed by the Federal Arbitration Act. 9 U.S.C. § 1 et seq.; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The FAA embodies a strong federal policy favoring arbitration. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); see also *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006).

In deciding a motion to compel arbitration, courts apply a standard similar to summary judgment and may consider materials beyond the pleadings. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (*quoting Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)).  In deciding a motion to compel arbitration, a court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of any agreement to arbitrate; and (3) if federal statutory claims asserted, it must consider whether Congress intended those claims to be non-arbitrable. *Bristol v. Securitas Security Services USA, Inc.*, 597 F. Supp. 3d 574, 578 (S.D.N.Y. 2022) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004))[3]; *Cypress v. Cintas Corp. No. 2*, No. 16-cv-2478 (ADS)(ARL), 2017 WL 564492, at *2 (E.D.N.Y. Feb. 11, 2017). Each factor supports arbitration here.

1.    <u>The Parties Agreed to Arbitrate</u>

"Whether or not the parties have agreed to arbitrate is a question of state contract law." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012).  To form a valid contract under New York law, "there must be an offer, acceptance, consideration, mutual assent and intent to be bound." *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 491 F. Supp. 2d 403, 408 (S.D.N.Y. 2007)

---

[3] The fourth factor set forth by the Second Circuit in *JLM Industries* is not applicable here because, as discussed infra, all of the claims asserted in the Amended Complaint are subject to the Agreement. *See JLM Indus.*, 387 F.3d at 169 ("fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration").

(quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004)). A party can manifest their assent to a contract "by word, act, or conduct that evinces" an intent to contract. *Id.* (quoting *Maffea v. Ippolito*, 247 A.D.2d 366, 367 (2d Dep't 1998)). The party seeking to compel arbitration need only make a prima facie showing that an agreement to arbitrate exists. *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 409 (S.D.N.Y. 2016).

Plaintiff unquestionably provided express assent to arbitrate her Section 1981, NYSHRL, and NYCHRL claims in the Complaint. The record establishes that Plaintiff received clear and sufficient notice of the Arbitration Agreement and affirmatively accepted its terms during the onboarding process. On January 23, 2023, Defendant issued Plaintiff unique login credentials to access the electronic onboarding platform administered by Defendant's third-party human resources provider, Paylocity. Defendant informed Plaintiff that completion of all onboarding tasks, which included the Arbitration Agreement, was required before she could begin employment with Defendant. Using those credentials, Plaintiff accessed Paylocity's system, which contained Defendant's employment policies (HOG_Policies_2022_NYC), which expressly included the stand-alone Arbitration Agreement. Paylocity's audit trail demonstrates that, on January 24, 2023, at 10:30:35 a.m. (CST), Plaintiff electronically executed an acknowledgment of receipt of the Arbitration Agreement, generating a unique digital signature and metadata tied to her acknowledgment form. The acknowledgement form includes an itemized list of the stand-alone agreements or policies Plaintiff was presented prior to electronically executing the form. The Arbitration Agreement is explicitly identified as one of the standalone agreements or policies in the acknowledgment signed by Plaintiff. Moreover, the arbitration provisions are not buried in other agreements or policies; instead, they are set forth in a separate agreement titled "Mutual Arbitration Agreement," which is clearly marked with an underlined heading. The Arbitration

Agreement also features underlined subheadings to organize its terms, including "Claims Subject to Arbitration" and "Exclusions," and appears twice within the onboarding document titled "HOG_Policies_2022_NYC," which Plaintiff acknowledged receiving. Plaintiff thus received actual notice of the Arbitration Agreement and knowingly assented to its terms, further evidenced by her confirmation to Hogsalt, in writing, that she had completed all required onboarding tasks.

Further, it is of no legal significance that the Arbitration Agreement itself is unsigned, particularly when Plaintiff reviewed and electronically acknowledged receipt of the Arbitration Agreement. It is well settled that an employee's signature is not necessary to establish assent to the terms of an employer's arbitration agreement. Indeed, "[a] non-signatory to an arbitration agreement may be bound by the principle of assumption [which] arises where a party's subsequent conduct indicates that it is assuming the obligation to arbitrate." *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013) (citing *Gonzalez v. Toscorp Inc.*, No. 97-cv-8158 (LAP), 1999 WL 595632, at *2 (S.D.N.Y. Aug. 5, 1999); *Palmer v. Starbucks Corp.*, 735 F.Supp.3d 407, 417 (S.D.N.Y. 2024) ("the FAA does not require the Defendants to produce a signed copy of the Arbitration Agreement.") (citation omitted).

*Palmer v. Starbucks Corp.* is, in fact, instructive. In *Palmer,* the court granted a motion to compel arbitration, even where no signed copy of the agreement was provided, because, among other things, the plaintiff utilized an employee onboarding process to "electronically sign[] the Arbitration Agreement after viewing it, [] by clicking the 'Sign' link next to it or the 'Sign All' link below it." *Palmer*, 735 F. Supp. 3d at 414. The court recognized that while the onboarding system did not affix the signature to the agreement itself, it was still "reflected in [Plaintiff's internal file], which shows that he signed the Arbitration Agreement on April 13, 2015, at 11:41 a.m." *Id*. In other words, the court in *Palmer* found a valid arbitration agreement despite technical

issues preventing the recovery of the electronic signature, based on comprehensive evidence of the onboarding process and the employee's acknowledgement of completing electronic paperwork. *Id.*

Similarly, Plaintiff cannot dispute that there is comprehensive evidence of the onboarding process as part of the commencement of her employment with Defendant. Plaintiff was given unique login credentials through the Paylocity system, accessed the onboarding documents, including the Arbitration Agreement, and electronically clicked on an acknowledgement of receipt of the of the Arbitration Agreement on January 24, 2023 at 4:30:35 p.m. (UTC), which generated a unique Plaintiff bearing signature on the acknowledgement form. The precise minute and second of Plaintiff's acknowledgment was automatically recorded in Paylocity's (Defendant's third-party human resources provider) digital onboarding system. The acknowledgement is tantamount to a physical signature and equally as enforceable. *See, Weiss v. Am. Express Nat'l Bank*, No. 19-cv-4720 (JPO), 2020 WL 6807628, at *2 (S.D.N.Y. Nov. 18, 2020) (granting motion to compel where the nonmovant received the contract agreement, benefited from the contract, and the movant provided a reliable example agreement). The Arbitration Agreement is also enforceable notwithstanding that the Arbitration Agreement did not affix Plaintiff's signature to the Arbitration Agreement itself. *Palmer*, 735 F. Supp. 3d at 414

In addition, the Arbitration Agreement states that Plaintiff agreed to arbitration in consideration for Plaintiff's employment by Defendant and continued employment, and compensation and benefits received in connection therewith. After acknowledging that she received and reviewed the Arbitration Agreement, Plaintiff worked for Defendant for nearly two years, from January 24, 2023 until June 23, 2025. By commencing and continuing her employment with Defendant for two years while accepting and receiving the numerous benefits provided

through that employment, Plaintiff manifested assent to a binding agreement to arbitrate as a condition of her employment that she cannot circumvent. *Patterson v. Raymours Furniture Co., Inc.,* 96 F. Supp. 3d 71, 78 (S.D.N.Y. Mar. 27, 2015) (granting motion to compel arbitration where mandatory arbitration was "a condition of [employee's] employment."); *Desiderio v. Nat'l Assoc. of Secs. Deales, Inc.,* 191 F.3d 198 (2d Cir. 1999) (employment may be conditioned on mandatory arbitration); *See, e.g.*, *Pelligrino v. Morgan Stanley Smith Barney LLC*, 2018 WL 2452768 at *5 (S.D.N.Y. May 31, 2018) (compelling arbitration where employee continued to work after employer sent arbitration agreement by email); *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 241 (S.D.N.Y. 2020)(internal citations omitted) ("Courts have held that an offer of continuing employment alone is sufficient consideration to support an agreement for arbitration."); *Manigault v. Macy's E., LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) (enforcing unsigned arbitration agreement against employee who claimed to have not received it and stating that "New York, ... has found that continued employment, without more, is sufficient to manifest assent" to arbitration where an employee received documents that contain such information and continued with her employment).

In short, it is unconverted that Plaintiff received the Arbitration Agreement, acknowledged that she reviewed and received it, and then accepted and received from Defendant the pay and benefits attendant to her employment with Defendant more than two years. That course of conduct manifests assent and created a binding arbitration agreement between the parties. Under the strong public policy favoring arbitration, a valid agreement to arbitrate exists between the parties that obligates Plaintiff to submit her employment related disputes to binding arbitration.

       2.    <u>Plaintiff's Claims under Section 1981, the NYSHRL, and the NYCHRL Fall Squarely Within the Scope of Claims Subject to Arbitration in the Arbitration Agreement</u>

Section 2 of the Arbitration Agreement broadly covers "any legal or equitable claim … which in any way relates to or arises from" Plaintiff's employment. Courts routinely apply a presumption of arbitrability to clauses of this breadth. *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (describing "arising out of or relating to" language as the "paradigm of a broad clause"). *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 649 (2d Cir. 2004) (enforcing arbitration where the arbitration provision covered "any controversy, claim or dispute … arising out of or relating in any way" to the agreement). *Tillman v. Amblnz Servs.*, No. 22-cv-6854 (JLR) (SN), 2023 WL 3304617, at *4 (S.D.N.Y. Mar. 15, 2023), report and recommendation adopted, 2023 WL 2770579 (S.D.N.Y. Apr. 4, 2023) (recognizing presumption of arbitrability for broad clauses and compelling arbitration employment claims).

Moreover, claims subject to arbitration in the Arbitration Agreement expressly includes compensation disputes under federal and state law, namely "claims for discrimination, retaliation, harassment, or denial of equal employment opportunity," as well as wage, retaliation, tort, and common law claims. The exclusions are limited and enumerated, including workers' compensation, unemployment insurance, and statutory sexual harassment or assault claims, and none of the exclusions bar arbitration of the claims alleged in Plaintiff's Complaint. *See* Agreement § 2; § 3.

Plaintiff's Section 1981, NYSHRL, and NYCHRL allegations concern discrimination on the basis of race, ethnicity, national origin, or disability and retaliation, which are issues under federal and state law that are expressly identified in Section 2 of the Arbitration Agreement. There can be no dispute that Plaintiff's allegations and claims in the Complaint under Section 1981, the NYSHRL, and the NYCHRL are arbitrable claims that fall squarely within the scope of the

- 12 -

Agreement. *See, e.g.,* ) Duraku v. Tishman Speyer Properties, Inc., 714 F.Supp.2d 470, 473-74 (S.D.N.Y. 2010) (granting motion to compel arbitration of plaintiff's federal and state discrimination and retaliation); *Edwards v. CVS Health Corporation*, 714 F.Supp.3d 239, 247 (S.D.N.Y. 2024) (granting motion to compel arbitration of NYCHRL discrimination and retaliation claims); *Sinavsky v. NBCUniversal Media, LLC*, 2021 WL 4151013 at * (S.D.N.Y. 2021) (granting motion to compel arbitration of Section 1981, NYSHRL, and NYCHRL claims). Accordingly, Plaintiff's discrimination and retaliation claims under Section 1981, the NYSHRL, and the NYCHRL are arbitrable under the FAA, and the Court should compel arbitration pursuant to 9 U.S.C. §§ 3–4.

### B.    The Arbitration Agreement is Not Unconscionable

Under New York law, "[a] determination of unconscionability generally requires a showing that the contract was *both* procedurally and substantively unconscionable when made." *See Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10 (1988) (emphasis added); *see Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 121-22 (2d Cir. 2010).

An agreement is procedurally unconscionable when, among other considerations, the party seeking to enforce the agreement used "deception" or "high pressure tactics" in the formation of the agreement or there was a "disparity in bargaining power" between the parties. *Dallas Aerospace, Inc. v. CIS Air Corp.,* 352 F.3d 775, 787 (2d Cir.2003) (quoting *Gillman v. Chase Manhattan Bank,* 73 N.Y.2d 1, 11 (1988)); *Isaacs v. OCE Bus. Servs., Inc.,* 968 F. Supp. 2d 564, 570 (S.D.N.Y. 2013). The procedural element of unconscionability requires an examination of the contract formation process and the alleged lack of meaningful choice. *Gillman,* 73 N.Y.2d at 11.

Here, there is nothing procedurally unfair about the process by which Plaintiff was presented with and acknowledged receipt and review of the Arbitration Agreement. The Second Circuit makes clear that it is not procedurally unconscionable for an employee to be bound by an

arbitration agreement in the course of securing employment on a take it or leave it basis. *Ragone,* 595 F.3d at 122; *see also American Fam. Life Assur. Co. of N.Y. v. Baker*, 778 F. App'x 24, 27 (2d Cir. 2019) ("neither the FAA nor New York law precludes the enforcement of employment contracts which make employment conditional upon an employee's acceptance of mandatory arbitration. In other words, even if this Agreement had been offered on a 'take it or leave it' basis, such negotiation would not render the Agreement procedurally unconscionable.") (internal citations omitted). Critically, the Arbitration Agreement provides that the employee may consult with an attorney before signing, which further eliminates the absence of meaningful choice. *See Stewart v. Paul, Hasting, Janofsky & Walker, LLP*, 201 F.Supp.2d 291, 294 (S.D.N.Y. 2002) (granting motion to compel arbitration where "plaintiff acknowledged in writing that she entered into the agreement voluntarily, that she was given an opportunity to consult with private legal counsel before doing so, and that she had availed herself of that opportunity to whatever extent she so wished."). There is also a conspicuous waiver disclosure, which states, in all caps, "PLEASE READ CAREFULLY BEFORE SIGNING, I HAVE READ, UNDERSTAND AND AGREE," which further underscores the existence of meaningful choice for purposes of this analysis.

The substantive unconscionability standard is demanding, requiring terms that are grossly unreasonable and unreasonably favorable to the party seeking to enforce the contract. *Suqin Zhu v. Hakkasan NYC LLC*, 291 F.Supp.3d 378 (S.D.N.Y. 2017) (establishing that arbitration agreements with equally applicable terms and employer-borne costs avoid substantive unconscionability).

Here, the terms of the Arbitration Agreement are not substantively unconscionable. The terms are mutual and equally applicable to both parties, rather than unreasonably favorable to

Defendant. The Arbitration Agreement provides that either Plaintiff or Defendant has the right to arbitrate any claims covered by the Arbitration Agreement. Both parties expressly waive any right to resolve any dispute covered by the Arbitration Agreement by filing suit in court for trial by a judge or jury. Moreover, all filing procedures are applicable to both Plaintiff and Defendant. Therefore, by its own terms, the Arbitration Agreement applies equally to both Defendant and Plaintiff. When both an employer and its employees are bound to an agreement to arbitrate and when the terms of the agreement are equally applicable to both parties, the arbitration agreement is not unreasonably favorable to the employer. *Isaacs*, 968 F. Supp. 2d at 569. There is also a carve out by which costs of arbitration must be paid by Defendant under applicable law and attorney's fees are to be paid to Plaintiff in accordance with applicable law. Plaintiff does not need to forego her substantive rights under Section 1981, the NYSHRL and the NYCHRL, and thus the agreement is not substantively unconscionable. *Gilbert v. Indeed, Inc.,* 513 F. Supp. 3d 374 (S.D.N.Y. 2021) (holding that fee shifting and costs provisions undermining statutory protections are unconscionable but severable from arbitration agreements).

The Arbitration Agreement, therefore, is not unconscionable.

## II.    THIS ACTION SHOULD BE STAYED PENDING ARBITRATION

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); see also 9 U.S.C. § 3 (providing that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). As demonstrated above, all of Plaintiff's claims asserted in the Complaint are arbitrable and covered by the scope of the Arbitration Agreement. Therefore, a stay of this matter pending the resolution of arbitration is appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to compel Plaintiff to arbitrate her claims and stay the action pursuant to 9 U.S.C. §§ 3 and 4.

Dated:  November 3, 2025
      New York, NY                   Respectfully Submitted,

                                    GORDON REES SCULLY MANSUKHANI LLP

                                    By: *<u>/s/Mercedes Colwin</u>*
                                    Mercedes Colwin, Esq.
                                    Francis J. Giambalvo, Esq.
                                    Talysia Francis, Esq.
                                    Hannah Kucine, Esq.
                                    *Attorneys for Defendant*
                                    Hogsalt
                                    One Battery Park Plaza, 28th Floor
                                    New York, NY 10004
                                    (212) 269-5500
                                    mcolwin@grsm.com
                                    fgiambalvo@grsm.com
                                    tfrancis@grsm.com
                                    hkucine@grsm.com

## WORD COUNT CERTIFICATION

I, Mercedes Colwin, Counsel for Defendant, hereby certify in accordance with Rule 4.C of the Court's Individual Rules and Practices in Civil Cases, and the Local Civil Rules of the Southern District of New York, that the foregoing memorandum of law was prepared using 12- point font and contains 4,597 words, excluding the table of contents, table of authorities, and this certification. Counsel relies on the word count of the computer program used to prepare this certification.

Dated:  November 3, 2025
       New York, NY                        Respectfully Submitted,

                                         GORDON REES SCULLY MANSUKHANI LLP

                                       By: */s/Mercedes Colwin*
                                       Mercedes Colwin, Esq.
                                       *Attorneys for Defendant*
                                       Hogsalt
                                       One Battery Park Plaza, 28th Floor
                                     New York, NY 10004
                                     (212) 269-5500
                                     mcolwin@grsm.com